IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 6, 2003 Session

STATE OF TENNESSEE, DEPARTMENT OF CHILDREN'S SERVICES,
IN THE MATTER OF: D.L.(P.)C., J.L., A.L., and K.L., ET AL.

Direct Appeal from the Circuit Court for Davidson County
No. 02D-2444     Muriel Robinson, Judge

No. M2003-00088-COA-R3-CV - Filed December 15, 2003

Mother appeals the trial court's award of custody of her four minor children to the Tennessee
Department of Children's Services based on a finding of dependency and neglect. We affirm.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and
Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S.
and HOLLY M. KIRBY, J., joined.

J. Stephen Mills, Nashville, Tennessee, for the appellant, Holly P. Lowery.

Paul G. Summers, Attorney General and Reporter and Douglas Earl Dimond, Assistant Attorney
General, for the appellee, State of Tennessee Department of Children's Services.

Nick Perenich, Nashville, Tennessee, Guardian ad Litem for J.L., A.L. and K.L.

OPINION

        In December 2000, the Juvenile Court of Davidson County granted a petition of the
Department of Children's Services ("DCS") for emergency removal and custody of the children of
Holly Perry ("Mother") and Kenneth Lowery ("Father," collectively, "Parents") after the couple's
six-month old child, A.L., suffered severe head injuries. Parents' youngest child, K.L., was born
after the older children were removed from Parents, and was placed in DCS custody shortly after
birth.

        Following hearings in 2001 and 2002, the juvenile court found by clear and convincing
evidence that the children were dependent and neglected. The court further found that A.L. was the
victim of severe child abuse. In light of the medical evidence, the court found Parents' testimony

that their four-year old son injured A.L. while Parents were sleeping, and that Parents did not hear A.L. cry, to be not credible. The court held that either Mother or Father was the perpetrator of A.L.'s injuries, and that the other failed to protect the child.

The juvenile court entered its order of adjudication on June 26, 2002, and Parents appealed. A trial *de novo* was held in circuit court on November 20-21, 2002. By order of December 2, 2002, the circuit court adopted the juvenile court's findings and sustained the order of adjudication. Mother filed a timely notice of appeal to this Court. Father filed an untimely notice of appeal, which this Court dismissed on March 20, 2003. A termination of parental rights hearing is pending in juvenile court. We affirm the judgment of the trial court.

### *Issues Presented*

Mother raises the following issues for our review:

(1)     Was the trial court in error when it found by clear and convincing evidence that Holly Perry was the perpetrator of severe abuse against A.L.?

(2)     Does the trial court's finding that Holly Perry failed to protect A.L. from severe child abuse constitute severe child abuse?

(3)     Was the juvenile court in error when it denied Holly Perry's request for return of custody after she had substantially complied with her permanency plan?

### *Standard of Review*

A dependent or neglected child includes a child whose parent or guardian, by reason of cruelty, mental incapacity, immorality or depravity, is unfit to care for the child; a child who is under unlawful or improper care or supervision; or a child who is suffering from abuse or neglect. Tenn. Code Ann. § 37-1-102(b)(12)(B)(C)(G)(2001). A trial court's determination that a child is dependent and neglected must be supported by clear and convincing evidence. Tenn. Code Ann. § 37-1-129(c)(2001). The "clear and convincing evidence" standard is more exacting than the "preponderance of the evidence" standard, although it does not demand the certainty required by the "beyond a reasonable doubt" standard. *In re C.W.W.*, 37 S.W.3d 467, 474 (Tenn. Ct. App. 2000)(perm. app. denied)(internal cites omitted). To be clear and convincing, the evidence must eliminate any substantial doubt and produce in the fact-finder's mind a firm conviction as to the truth. *Id.* Our review of the trial court's determinations on questions of fact is *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). Insofar as the trial court's determinations rest upon an assessment of credibility, they will not be overturned absent clear and convincing evidence to the contrary. *Wells v. Tennessee Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn.1999).

*Analysis*

Mother contends that the trial court erred by finding that she either perpetrated severe child abuse or failed to protect a child from such abuse. The evidence in the record, including medical testimony and photographs, clearly demonstrates that A.L. suffered severe injuries, including extensive bruising, particularly on the face and head, and a skull fracture. Mother does not dispute, moreover, that A.L.'s injuries were not accidental, or that they were inflicted by a family member while Parents were home. Mother contends, however, that when she awoke from a nap in the living room, she heard A.L. whimpering in her bedroom and discovered A.L. injured in her crib. She submits that at the time, Father was asleep in another bedroom, her four-year old son was playing in A.L.'s room, and her two-year old son was in the living room. Mother contends that the injuries to A.L. were inflicted by the four-year old child. She asserts that while she and Father slept, the four-year beat A.L. in her crib with a butter knife and a whiskbroom, climbed out of the crib, and resumed playing.

The medical proof in the record includes the testimony of Dr. Andre Bracikowski, chief of pediatric emergency medicine and medical director of the pediatric emergency department at Vanderbilt University Medical Center. Dr. Bracikowski treated A. L. in December 2000, and characterized her injuries as moderate to severe. Dr. Bracikowski testified that Mother's account does not "match" the injuries sustained by A.L. He testified that A.L.'s injuries would have been very painful, that she probably would have been crying loudly, and that it would have taken a significant amount of force to cause her skull fracture.

Dr. Bracikowski also testified that it would have been "exceedingly rare and exceedingly impossible" for a four-year old child to have caused A.L.'s injuries. He also stated that he observed the four-year old in the emergency room while A.L. was being treated, and that the child did not exhibit any unusual or abnormal behavior. Dr. Bracikowski further stated it takes more force to fracture the soft skull of an infant than to fracture an adult skull, and that he did not believe the fracture to A.L.'s skull could have been caused by being hit with a whiskbroom by a four-year old child. He also stated that had a child inflicted the injuries to A.L. with his hands, his hands would have been swollen.

The circuit court found that A.L. had suffered severe child abuse. The court further concluded that Parents' testimony was not credible, an assessment to which we accord great deference. The circuit court held that either Mother or Father perpetrated A.L.'s injuries, and that the other parent failed to protect the child. The court thus found the children to be dependent and neglected by clear and convincing evidence, and that all of the children were at risk.

After reviewing the evidence in this case, we agree with the trial court that clear and convincing evidence supports a finding that either Father or Mother perpetrated severe chid abuse, and that the other failed to protect the child. We affirm a finding of dependency or neglect as defined by Tenn. Code Ann. § 37-1-102(b)(12)(2001).

We next address Mother's contention that the trial court erred by refusing to return the children to her custody after she substantially complied with the permanency plan. It is clear to this Court that A.L. has been the victim of severe child abuse, although we cannot determine which parent inflicted the abuse, and which continues to provide an alibi for the other. Under Tenn. Code Ann § 37-1-130(d)(2001), "[n]o child who has been found to be the victim of severe child abuse shall be returned to such custody [of person who engaged in or knowingly failed to protect the child] at any time unless the court finds on the basis of clear and convincing evidence that the child will be provided a safe home free from further such brutality and abuse." We cannot say that there is clear and convincing evidence in this record to support a determination that the children in this case can safely be returned to Mother's custody. We accordingly affirm the trial court's judgment on this issue.

In light of the foregoing, the judgment of the trial court is affirmed in all respects. Costs of this appeal are taxed to Holly Perry, Appellant, and her surety, for which execution may issue if necessary.

 

 

_____

DAVID R. FARMER, JUDGE